UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



FILED

MAR 12 2014

CLERK

| | | |
|---|---|---|
| GREG POND, | ) | Civ No. 14-5015 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW** the Plaintiff, through his undersigned attorney, and for his complaint against the Defendant state and allege as follows:

1. This action is brought and the Court has jurisdiction in this matter pursuant to 28 U.S.C. Section 1346(b) and the Federal Tort Claims Act, 28 U.S.C. Section 2671 et. seq.

2. At all relevant times herein mentioned, defendant, by and through its Department of Health and Human Services, Indian Health Services, a federal agency of defendant, did and still does own and operate a Hospital at Pine Ridge, South Dakota, known as Pine Ridge Indian Health Services Hospital.

3. Plaintiff, Greg Pond resides in Pine Ridge, South Dakota. He is a member of the Oglala Sioux Tribe and at the time of this incident resided in Pine Ridge, South Dakota.

4. On or about February 24, 2011, Greg Pond went to the Pine Ridge Indian

Health Services Hospital for traumatic stomach pain.

5. Greg was diagnosed with gallstones with cholecystitis. Mr. Pond was taken to the operating room to remove his gallbladder and repair and umbilical hernia. At this time he had totally normal kidney and lung function.

6. Due to dense adhesions, an open abdominal procedure was implemented. The gallbladder was resected followed by a repair of the ventral hernia.

7. Soon after surgery Mr. Pond began to feel worse. He developed shortness of breath and complained of his stomach burning. These symptoms progressed and went unrecognized by the staff at Pine Ridge.

8. On February 27, 2011 Mr. Pond became so sick that he was airlifted to Rapid City Regional Hospital. At this time he was suffering from hypotension, respiratory failure, and renal failure. He was septic with quickly developing multi-organ failure as a result of the sepsis.

9. Once there, he was taken into immediate emergency surgery to repair a tear to his bile duct that had been leaking into his body. 1-1.5 liters of bile were removed. He was diagnosed post-operatively to have bile leak of the cystic duct stump with bile perforation, wound infection, and right subcostal area requiring extensive lavage of the peritoneal cavity.

10. Mr. Pond was kept in Intensive Care until March 02, 2011, and finally released from Rapid City Regional Hospital on March 11, 2011.

11. At all times pertinent hereto, the staff of Pine Ridge Indian Hospital, Pine Ridge, South Dakota, including nurses, doctors, surgeons, etc., were employed by the defendant and by the hospital. In doing and in omitting to do all things alleged herein,

the staff of Pine Ridge Indian Hospital, Pine Ridge, South Dakota, were acting within the scope of their employment.

12. Indian Health Services, an agency of the defendant, The United States of America, acting by and through their servants and employees, all acting withing the course and scope of their agency and employment with the defendant, were negligent, including but not limited to the following:

   (a) failure to monitor patient post-operatively;

   (b) failure to administer proper diagnostic tests and procedures post-operatively;

   (c) failure to act promptly in response to abnormal laboratory reports;

   (d) failure to recognize and react to signs of sepsis;

   (e) failure to provide surgical services pursuant to the applicable standard of medical care;

   (f) failure to keep properly detailed medical records;

   (g) failure to provide overall medical care pursuant to the applicable standard of medical care.

13. As a proximate cause and cause in fact of the negligence of defendant's employees, plaintiff suffered temporary and permanent bodily injury and emotional injury, pain and suffering, loss of income, diminishment in the quality of life, doctor bills, and other damages to be proven at trial.

14. If Defendant were a private person it would be liable to Plaintiff in accordance with the laws of the State of South Dakota, SDCL 21-5-7.

15. On or about December 13, 2012, Plaintiff timely filed his administrative

claims with the appropriate agency as required by law seeking compensation in a sum certain. The claim has neither been granted or denied; however more than six months have lapsed since the filing of the claim, entitling Plaintiff to commence this action.

WHEREFORE, Plaintiff demand judgment against the United States in the sum necessary to compensate him for his damages, plus costs and disbursements and such other relief as may be deemed just in the premises.

Dated this 12TH day of March, 2014.

_____
Terry L. Pechota
Attorney for Plaintiff
1617 Sheridan Lake Road
Rapid City, SD 57702
605-341-4400
Tpechota@1868treaty.com